**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

LULA MOTLEY on behalf of
KEVIN MOTLEY,                                     :

                              Plaintiff,          :

                                                  :      06 Civ. 15269 (RMB) (THK)

          - against -                             :      **DECISION & ORDER**

                                                  :

MICHAEL J. ASTRUE,                                :
COMMISIONER OF SOCIAL SECURITY,                   :

                              Defendant.          :
-----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7 14 08

## I.     Background

On or about December 18, 2006, Lula Motley ("Motley" or "Plaintiff") commenced this

action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended,

42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision, dated September 29,

2004, of Seymour Fier, Administrative Law Judge ("ALJ"), Office of Hearings and Appeals of

the Social Security Administration ("SSA"), denying Plaintiff the "unpaid Supplemental Security

Income ("SSI") benefits" ($16,958.42) allegedly owed to her disabled son Kevin ("Kevin") who

passed away on February 21, 2001. (See Complaint, dated Dec. 18, 2006 ("Complaint"), ¶ 1.)

On October 12, 2006, the Social Security Administration Appeals Council denied Plaintiff's

request for review, rendering the ALJ's decision final. (Id. ¶ 20.)[1]

---

[1]     On or about September 28, 2000, the SSA awarded Kevin "$24,146.42 in retroactive SSI
benefits for the period . . . September 1995 through September 2000." (Record, dated March 23,
2007 ("Rec."), at 295–98.) The first benefits installment, in the amount of $7,188.00, was paid
to Kevin in or about September 2000. (Id. at 295, 305.) Under 20 C.F.R. § 416.545(a)–(b),
"when an individual is eligible for past-due benefits," the "amount of each of the first and second
installment payments may not exceed the threshold amount of 12 times the maximum monthly
benefit . . . ." 20 C.F.R. § 416.545(a)–(b). Kevin died before the second and third installments
could be paid. On March 6, 2001, Plaintiff applied for the remaining $16,958.42 in disability

-1-

On or about April 23, 2007, the Commissioner moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), requesting that the Court affirm the ALJ's decision because, among other things, "there was no amount of the underpayment that was still owed to [Plaintiff]" and the "Commissioner's decision is supported by substantial evidence." (Mem. of Law in Supp. of Def. Mot. for Judgment on the Pleadings, dated Apr. 23, 2007 ("Def. Mem."), at 15–16, 20). On or about December 17, 2007, Plaintiff filed a cross-motion for judgment on the pleadings arguing, among other things, that "the [record] offers no support for the Commissioner's position" that the first benefits check represented "payment for [any] specific time period"; Plaintiff is "entitled to recover [unpaid] SSI benefits owed to her late son" for any months during which Kevin qualified as a "child" under SSA regulations; and Plaintiff "should be paid the entire $16,958.42 owed to Kevin as a matter of equity." (Mem. of Law in Supp. of Pl. Mot. for Judgment on the Pleadings, dated Dec. 17, 2007 ("Pl. Mem."), at 10, 17–19.) On February 1, 2008, Defendant filed a reply ("Reply"). (See Reply, dated Feb. 1, 2008.)

On or about May 7, 2008, United States Magistrate Judge Theodore H. Katz, to whom this case had been referred, issued a thorough Report and Recommendation ("Report") recommending that: (1) the ALJ's decision "that the initial payment covered specific months, as opposed to the reason given in the [regulations] . . . that it was twelve times the maximum monthly benefit" was "arbitrary," "illogical," and "not supported by substantial evidence"; (2) "the ALJ's decision [should] be reversed to the extent that it denies Plaintiff unpaid disability payments for seven months" during which "Kevin qualified as a 'child'" under 20 C.F.R. § 416.1861(g)(i)-(iv), and "the action [should] be remanded solely for calculation and payment of

_____

benefits and, on October 18, 2001, the Commissioner of Social Security ("Commissioner" or "Defendant") determined that "Plaintiff was not entitled to the balance of [Kevin's] unpaid SSI benefits." (Id. at 304–305, 359.)

benefits for those seven months"; and (3) "the Court cannot exercise its equitable authority" to grant Plaintiff $16,958.42 "because an award of the full . . . balance of the unpaid benefits would amount to a payment to which Plaintiff is not legally entitled to receive." (Report at 10–12, 16–18, 20–21.)

The Report advised that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections." (Id. at 21.) To date, neither party has submitted objections.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II.     Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court makes "a de novo determination of those portions of the report to which objections have been made" and may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate. Grassia, 892 F.2d at 19; see Deluca v. Lord, F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III.    Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has reviewed the Report and concludes that it is neither clearly erroneous nor contrary to law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

### (1)     Initial Payment

Judge Katz correctly determined that the Commissioner's conclusion that the "first back-pay installment intended to cover the first twenty-three months" of benefits was "arbitrar[y] . . .

[and] not supported by any mathematical calculation or logical explanation tied to the regulations." (Report at 10–11.) Pursuant to 20 C.F.R. § 416.545(b), "the amount of each of the first and second installment payments [of unpaid SSI benefits] may not exceed the threshold amount of 12 times the maximum monthly benefit . . . ." See 20 C.F.R. § 416.545(b). Judge Katz correctly noted that "nothing in the regulation ties an installment payment to a period of months" and "the multiplier '12' in the regulation is not 'twelve months'; rather[,] 12 is simply a numerical multiplier for the maximum monthly benefit amount [which is] used as a base number from which calculations are made." (Report at 12 n.6); see also 20 C.F.R. § 416.545(b). Judge Katz properly concluded that "the record supports Plaintiff's contention that . . . the [first] $7,188.00 installment covered [] the maximum payment of a first installment allowed by the regulations [] and not a payment covering a specific set of randomly chosen months." (Report at 12.)

### (2)    Child Status

Judge Katz properly determined that Plaintiff provided "sufficient evidence showing Kevin was . . . a student enrolled in [New York State's Department of Vocational and Educational Services programs] to prepare him for a paying job" and was a "child" under SSA regulations for seven months before he turned twenty-two years old.[2] (Report at 13–14.) "Plaintiff should be paid for those months." (Report at 16–17.)

---

[2]    Under SSA regulations, "payment to surviving parent(s) may be made only for months of eligibility during which the deceased underpaid recipient was a 'child,'" and a "child" is defined, in part, as "under [twenty-two] years old and a student regularly attending school or college or training that is designed to prepare [the child] for a paying job." See 20 C.F.R. § 416.542(b)(4); 20 C.F.R. § 416.1856(a)(2).

(3) **Equitable Relief**

Judge Katz properly found that "the Court cannot exercise its equitable authority . . . [to] grant [Plaintiff] the entire balance of unpaid benefits . . . to which Plaintiff is not entitled." (Report at 17–19); see also 20 C.F.R. § 416.542(b)(4); Davilla v. Shalala, 848 F. Supp. 1141, 1144 (S.D.N.Y. 1994).

## IV. Conclusion and Order

For the reasons stated herein and therein, the Magistrate Judge's Report is adopted in its entirety. The case is remanded to the Commissioner "solely for calculation and payment of benefits . . . to be completed within sixty days of the Court's order becoming final" pursuant to 42 U.S.C. § 405(g). (Report at 21.)

The Clerk of Court is respectfully requested to close this case.


Dated: New York, New York
      July 14, 2008

*RMB*

_____
   **RICHARD M. BERMAN, U.S.D.J.**